IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | LEAD CASE NO. 22-50591-CAG |
| CHRIS PETTIT & ASSOCIATES, P.C. | § | SECOND CASE No. 22-50592-CAG |
| CHRISTOPHER JOHN PETTIT, | § | |
| | § | Chapter 11 |
| Jointly Administered Debtors. | § | |
| | § | (Jointly Administered Under Case |
| | § | No. 22-50591) |
| JAMES C. ARMSTRONG, *et. al.* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-177-FB |
| | § | (Adversary No. 23-05088-CAG) |
| WELLS FARGO BANK, N.A.; WELLS | § | |
| FARGO BANK WEST; AMERICAN BANK, | § | |
| N.A., d/b/a TEXSTAR NATIONAL BANK | § | |
| a/k/a TEXSTAR BANK; TEXAS PARTNERS | § | |
| BANK d/b/a THE BANK OF SAN ANTONIO; | § | |
| WINTER PARK NATIONAL BANK; and | § | |
| FROST BANK, | § | |
| | § | |
| Defendants. | § | |

### *ADVISORY CONCERNING BRIEFING INQUIRY*

Before the Court is the email request concerning the Court's preferences on briefing in response to this Court's Order Granting Motion to Withdraw the Reference (docket #4). In the Order, the Court requested briefing on "any challenge to this Court's jurisdiction." The email advised the Court that a fully-briefed motion for abstention filed in the bankruptcy is still pending and the defendant banks asserted in their motion to withdraw the reference that removal is proper in this case under CAFA. The email question posed to the Court is as follows:

> hold [sic] [should?] our motion challenging subject matter jurisdiction all [sic] [also?] include moving for abstention under either bankruptcy abstention or CAFA abstention? If the answer is yes, then may we simply incorporate by reference our previously filed motion for abstention (and its attendant responses and briefing

      already filed in the bankruptcy adversary proceeding prior to withdrawal of the reference), or should we replead everything in this motion? Or alternatively, would the judge prefer a separate motion for abstention?

In order that all parties have the same information concerning their response to this Court's June 21, 2024, Order, the Court is issuing this Advisory.

      The Court has no preference on how the parties present their issues to this Court except that it should be clear from the briefing what issues are being presented to the Court and that those issues are fully briefed by both sides. The parties are further advised that any motions or pleadings previously filed in the bankruptcy court which they want this Court to consider or refer to must be filed as a part of the electronic docket in this case. As the parties are aware, with respect to substantive issues, the current electronic docket contains only the motion to withdraw the reference and the responses and replies thereto (docket entry numbers 1, 2, and 3). The Court will not sift through the bankruptcy court docket to find pending motions or other pleadings the parties want the Court to consider.

      The Court will defer to able counsel to determine how to best present their issues to the Court keeping in mind the Court's 20-page limit unless leave of court is sought and good cause is shown to exceed the page limit.

      It is so ORDERED.

      SIGNED this 11th day of July, 2024.

                                                 FRED BIERY
                                               UNITED STATES DISTRICT JUDGE