# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHRIS PETTIT & ASSOCIATES, P.C. | § | LEAD CASE. NO 22-50591 |
| CHRISTOPHER JOHN PETTIT | § | SECOND CASE NO. 22-50592 |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| | § | CHAPTER 11 |
| Jointly Administered Debtors | § | (Jointly Administered) |
| | § | |
| | § | |
| | § | ADVERSARY PROC. NO. 23-05088 |
| | § | |
| | § | |

---

JAMES C. ARMSTRONG, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE §
ESTATE OF CAROL ARMSTRONG, §
DECEASED, MICHAEL MORALES, §
FELICIA MORALES, BARBRA RICE §
MORALES, MICHAEL MORALES AS THE §
TRUSTEE OF THE FELICIA C. MORALES §
LIVING TRUST, DANIEL MENDEZ, §
DIANNA IBARRA MENDEZ, DANIEL §
MENDEZ AND DIANNA IBARRA MENDEZ §
AS TRUSTEES OF THE MENDEZ LIVING §
TRUST, KEN SCOTT, SHELLI SCOTT, §
SHELLI SCOTT AS TRUSTEE OF THE §
EVA A. CORBO LIVING TRUST, §
CHRISTINA MCQUEARY, VALERIE C. §
MORRIS, CHRISTINA MCQUEARY AS §
TRUSTEE OF THE LIVING TRUST OF §
VALERIE C. MORRIS, STEPHEN JONES, §
STEPHEN JONES AS TRUSTEE OF THE §
LIVING TRUST OF J. ALBERT JONES, §
STEPHEN JONES AS SUCCESSOR DEATH §
TRUSTEE OF THE J. ALBERT JONES §
LIVING TRUST, STEPHEN JONES AS §
INDEPENDENT EXECUTOR OF THE §
ESTATE OF J. ALBERT JONES, §
STEPHEN JONES AS EXECUTOR OF THE §
ESTATE OF GEORGIANNA JONES, §
RICHARD WARNCKE, AMY ROSE §

PRIDGEN, INDIVIDUALLY, AMY ROSE §
PRIDGEN AS TRUSTEE OF THE PWR §
LIVING TRUST, CHARLOTTE E. HAHN, §
CHARLOTTE E. HAHN AS TRUSTEE OF §
THE GEERTRUIDA D. HAHN LIVING §
TRUST, KEN D. LOCKE, JOYCE E. LOCKE,§
KEN D. LOCKE AND JOYCE E. LOCKE §
AS REPRESENTATIVES OF WEDGEWOOD§
INVESTMENTS, KAREN SEIFERT, WADE §
SEIFERT, KAREN SEIFERT AS §
EXECUTRIX OF THE ESTATE OF SALLIE §
MAE WACKLAWCYZK, ANNE CURTIS §
LEAHY, INDIVIDUALLY AND AS §
TRUSTEEOF THE ANNE CURTIS LEAHY §
LIVING TRUST, ROBERT F. RULE §
INDIVIDUALLY AND AS TRUSTEE FOR §
THE ESTATE OF CHERIE ELIZABETH §
BIGBEE RULE, MICHAEL KOTZUR, §
JAMES R.GILDART, JAMES R. GILDART §
AS TRUSTEE OF THE MALCOM R. §
GILDART TRUST, JAMES R. GILDART §
AS TRUSTEE OF THE MAVIS GILDART §
CORPORATION LIVING TRUST, §
KOSTANTINOS KASTIS, RENA KASTIS, §
ALBERTO RODRIGUEZ, ALBERTO §
RODRIGUEZ AS TRUSTEE OF THE §
RODRIGUEZ FAMILY AND ASSOCIATES §
IRREVOCABLE TRUST, RAUL ANTONIO §
PERIL LEMUS, BARBARA BENKE, WAYNE§
BENKE, SHARON BRIMHALL, SHARON §
BRIMHALL AS TRUSTEE OF THE ESTATE §
OF HARRY SIMS, ROBERT WALSH AS §
TRUSTEE OF THE CHARMAIGNE §
BENSON TRUST, BRADY WISE, VIELKA §
JIMENEZ DE REYES, JESS PILGRIM §
PAMELA PILGRIM, JACQUELINE RIOS, §
MICHAEL KASTIS, PAULA KASTIS, §
MICHAEL KASTIS AND PAULA KASTIS §
AS REPRESENTATIVES OF PM KASTIS §
LLC, TRAVIS BENKE, DEBRA BENKE, §
ANGELITA VOSSLER, LORENA ISAMAR §
MADE, LUZ MARINA MADE, LORENA §
ISAMAR MADE AS REPRESENTATIVE OF §
THE MADE LIVING FAMILY TRUST, §
RONALD ROWAN PILGRIM, JORDIE §
PILGRIM, SCOTT BISHOP, SCOTT BISHOP§
AS REPRESENTATIVE OF PILGRIM §
MORTGAGE, GEORGE PILGRIM, §
GEORGE PILGRIM AS REPRESENTATIVE §

OF PILGRIM MORTGAGE, MICHAEL §
PILGRIM, MICHAEL PILGRIM AS §
REPRESENTATIVE OF PILGRIM §
MORTGAGE, GILBERTO JIMENEZ §
CARRERA, DANIEL GRENDELL, §
HEATHER KENNEDY, JOSEPH KENNEDY, §
JOSEPH KENNEDY AND HEATHER §
KENNEDY AS REPRESENTATIVES OF §
JOSEPH FITZPATRICK KENNEDY,  a §
Minor, RICHARD FORSYTH, JENNY §
FORSYTH, OSCAR MARTINEZ §
INDIVIDUALLY AS §
REPRESENTATIVE OF THE ESTATE OF §
OSCAR MARTINEZ GARZA AND AS §
REPRESENTATIVE OF THE LION FUND, §
LP, LOU ANN DREAMKOWSKI, §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF §
EDDIE DREAMKOWSKI, DECEASED, §
KENNETH W. PARIS, CHARLES AND §
BARBARA KOCH, INDIVIDUALLY AND AS§
REPRESENTATIVES OF THE KOCH §
FAMILY TRUST, MICHAEL L. REED, §
MARY KAY HOLLY, CONNIE GONZALES, §
MELINDA ESTRADA KASTNER, §
INDIVIDUALLY AND AS TRUSTEE OF §
THE TRUST FOR A.A.F, M.X.F, AND S.N.F., §
MINOR CHILDREN, ROBERT KINTIGH, §
EVELYN BROWN KINTIGH, THEO §
CHEATHAM PILGRIM, BARBARA §
MELLOTT, LUIS ELIZONDO, §
MAXINE ELIZONDO, SARAH EARDLEY §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF §
CHRISTOPHER EARDLEY, VALERIE §
PADILLA, INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF §
SALVADOR CARDENAS, DANIELLE §
AGUILAR INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF §
SALVADOR CARDENAS, RICHARD §
MYLNAR INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE §
OF RHONDA MYLNAR, DECEASED §
GALEN D. LEE, BRENDA K. NICKLES, §
THERESA REED, INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF §
SAMUEL L. REED, SCOTT REED §
INDIVIDUALLY AND AS §

REPRESENTATIVE OF THE ESTATE OF §
SAMUEL L. REED, KELLY PERRY, §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE JOYCE §
MCALLUM TRUST, JAQUIE KROWN §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE JOYCE §
MCALLUM TRUST, KAREN HENGST MAY §
AND DIANNE P. HENGST, INDIVIDUALLY §
AND AS CO-TRUSTEES FOR THE ARLENE §
KREITZ HENGST TRUST AND THE §
ESTATE OF ARENE KREITZ HENGST, §
LAWRENCE W. HENGST, JAMIE SPEARS §
MONTELONGO, DEIDRE E. PERSYN, §
DAVID ROSENBUSCH INDIDIVUDALLY §
AND AS REPRESENTATIVE OF §
ROSENBUSCH FARM&RANCH, INC., §
DEBORAH ROSENBUSCH INDIVIDUALLY §
AND AS REPRESENTATIVE OF §
ROSENBUSCH FARM AND RANCH, INC., §
LINDA WEHMEYER, MARY JANE §
STAUDT, GEORGIA DAVIES AS §
REPRESENTATIVE OF THE ROBERT L. §
TAYLOR LIVING TRUST, LEAH SIBLEY, §
AGNES HARTMAN INDIVIDUALLY AND §
AS REPRESENTATIVE OF BOSSY R. LP, §
PETER RAKOWITZ INDIVIDUALLY AND §
AS REPRESENTATIVE OF BOSSY R. LP, §
SHARON RAKOWITZ INDIVIDUALLY §
AND AS REPRESENTATIVE OF BOSSY R. §
LP, KAREN VARNS INDIVIDUALLY AND §
AS REPRESENTATIVE OF BOSSY R. LP, §
SANDRA KAY DAILEY INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE §
COKER DAILEY TRUST, KATHRYN §
DAILEY INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE COKER §
DAILEY TRUST, CHERYL S. DAILEY §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE COKER §
DAILEY TRUST, WILLIAM C. DAILEY JR. §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE COKER §
DAILEY TRUST, WILLIAM C. DAILEY III §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE COKER §
DAILEY TRUST, CHRISTINE E. §
CORNELIUS INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE COKER §

DAILEY TRUST, LINDA WETZ, LAUREL §
ARMSTRONG SUTTLE BOTH §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF §
LARRY NEAL ARMSTRONG, DECEASED, §
INGRID ARMSTRONG BOTH §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF §
LARRY NEAL ARMSTRONG, DECEASED, §
CARRIE SUSAN ARMSTRONG BOTH §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE OF §
LARRY NEAL ARMSTRONG, DECEASED §
MARTHA CORONA, AS INDEPENDENT §
ADMINISTRATOR FOR THE ESTATE OF §
QUESTA CORONA DEVAGE, DECEASED, §
JASON FORSYTH, ASHLEY FORSYTH, §
LEE SKINNER, TIFFANY SKINNER, §
THOMAS DOWLING AS EXECUTOR FOR §
THE ESTATE OF LORRAINE LECOMTE §
DOWLING AND TRUSTEE OF THE §
LORRAINE LE COMTE DOWLING §
LIVING TRUST, BELINDA STANUSH, §
JEFFEREY HALAY, DAVID LANDMAN, §
HELENLANDMAN, ANASTASIA STEWART§
MARTHA SAMANIEGO,  J. CRAIG HORAN §
GENNIFER HORAN, GEORGINA §
BELLANGER, MICHAEL ARCHER, GARY §
ARCHER, MICHAEL HALAY, §
KELSEY PERSYN, HENRY PERSYN, §
FRANK PERSYN, LESLIE PERSYN §
ROBBIE W. HENWOOD, CATHERINE §
KLEPPER ON BEHALF OF BETTY J. §
NELSON VIA POWER OF ATTORNEY, §
TRAVIS PERSYN, GARRETT PERSYN, §
TY MYLNAR, JOHN PHILLIP SANTOS, AS §
EXECUTOR OF THE ESTATE OF PAMELA §
CAADWAL-ILLOT, EDDIE S. MOLINA, §
INDIVIDUALLY AND AS CO-TRUSTEE §
AND BENEFICIARY OF THE EDDIE O. §
MOLINA IRREVOCABLE TRUST, IRMA §
CASTIGLIONE, INDIVIDUALLY AND AS §
CO-TRUSTEE AND BENEFICIARY OF THE §
EDDIE O. MOLINA IRREVOCABLE TRUST §
ROBERT JAECKLE, TARA JAECKLE, §
STEPHEN EUGENE LUNA, INDIVIDUALLY§
AND AS REPRESENTATIVE OF THE §
ESTATE OF MARY LUNA ARRATIA, §
DECEASED, JOHN KUBESH, LAURA §

| PERSYN KUBESH, MEGAN KUBESH, | § |
| MATTHEW KUBESH, THE FRANK AND | § |
| EMMA PERSYN FAMILY LIMITED | § |
| PARTNERSHIP AND FRANK PERSYN | § |
| FARMS, INC. GENERAL PARTNER OF | § |
| THE FRANK AND EMMA PERSYN | § |
| FAMILY LIMITED PARTNERSHIP, AND | § |
| JENNIFER GRIFFIN AS | § |
| REPRESENTATIVE OF THE ESTATE OF | § |
| BETTY JUNE KRAHN, DECEASED | § |
| | § |
| | § |
| **Plaintiffs** | § |
| | § |
| **VS.** | § |
| | § |
| WELLS FARGO BANK, N.A., WELLS | § |
| FARGO BANK WEST, AMERICAN BANK, | § |
| N.A., D/B/A TEXSTAR NATIONAL BANK | § |
| A/K/A TEXSTAR BANK, TEXAS | § |
| PARTNERS BANK D/B/A THE BANK OF | § |
| SAN ANTONIO, WINTER PARK | § |
| NATIONAL BANK, AND FROST BANK, | § |
| **Defendants** | § |

## <u>THIRD AMENDED COMPLAINT</u>

### TO THE HONORABLE COURT:

COME NOW Plaintiffs and file this, their Third Amended Complaint, subject to, and without waiving, *Plaintiff's Motion for Mandatory Abstention or, Alternatively, Plaintiffs' Motion for Permissive Abstention and Equitable Remand* against the above–named Defendants, and in support of same show as follows:

### A. <u>PLAINTIFFS</u>

1.01    Plaintiff James C. Armstrong is an individual residing in Bexar County, Texas.

1.02    Plaintiff James C. Armstrong, as representative of the Estate of Carol Armstrong, Deceased, is an individual residing in Bexar County, Texas.

1.03    Plaintiff Michael Morales is an individual residing in Bexar County, Texas.

1.04    Plaintiff Felicia Morales is an individual residing in Bexar County, Texas.

1.05    Plaintiff Michael Morales as the Trustee of the Felicia C. Morales Living Trust is an individual residing in Bexar County, Texas.

1.06    Plaintiff Barbra Rice Morales is an individual residing in Bexar County, Texas.

1.07    Plaintiff Daniel Mendez is an individual residing in Bexar County, Texas.

1.08    Plaintiff Dianna Ibarra Mendez is an individual residing in Bexar County, Texas.

1.09    Plaintiffs Daniel Mendez and Dianna Ibarra Mendez as Trustees of the Mendez Living Trust are individuals residing in Bexar County, Texas.

1.10    Plaintiff Ken Scott is an individual residing in Bexar County, Texas.

1.11    Plaintiff Shelli Scott is an individual residing in Bexar County, Texas.

1.12    Plaintiff Shelli Scott as Trustee/Representative of The Living Trust of Eva A. Corbo is an individual residing in Bexar County, Texas.

1.13    Plaintiff Christina McQueary is an individual residing in Bexar County, Texas.

1.14    Plaintiff Valerie C. Morris is an individual residing in Bexar County, Texas.

1.15    Plaintiff Christina McQueary as Trustee of The Living Trust of Valerie C. Morris is an individual residing in Bexar County, Texas.

1.16    Plaintiff Stephen Jones is an individual residing in Bexar County, Texas.

1.17    Plaintiff Stephen Jones as Trustee of J. Albert Jones is an individual residing in Bexar County, Texas.

1.18    Plaintiff Stephen Jones as Successor Death Trustee of the J. Albert Jones Living Trust is an individual residing in Bexar County, Texas.

1.19    Plaintiff Stephen Jones as Independent Executor of The Estate of J. Albert Jones is an individual residing in Bexar County, Texas.

1.20    Plaintiff Stephen Jones as Executor of the Estate of Georgianna Jones, Deceased, is an individual residing in Bexar County, Texas.

1.21    Plaintiff Richard Warncke is an individual residing in Bexar County, Texas.

1.22    Plaintiff Amy Rose Pridgen is an individual residing in Bexar County, Texas.

1.23    Plaintiff Amy Rose Pridgen as Trustee of The PWR Living Trust is an individual residing in Bexar County, Texas.

1.24    Plaintiff Charlotte E. Hahn is an individual residing in Comal County, Texas.

1.25    Plaintiff Charlotte E. Hahn as Trustee of The Geertruida D. Hahn Living Trust is an individual residing in Comal County, Texas.

1.26    Plaintiff Ken D. Locke is an individual residing in Bexar County, Texas.

1.27    Plaintiff Joyce E. Locke is an individual residing in Bexar County, Texas.

1.28    Plaintiffs Ken D. Locke and Joyce E. Locke as representatives of Wedgewood Investments are individuals residing in Bexar County, Texas.

1.29    Plaintiff Karen Seifert is an individual residing in Bexar County, Texas.

1.30    Plaintiff Wade Seifert is an individual residing in Bexar County, Texas.

1.31    Plaintiff Karen Seifert As Executrix of the Estate of Sallie Mae Wacklawcyzk, Deceased is an individual residing in Bexar County, Texas.

1.32    Plaintiff Anne Curtis Leahy is an individual residing in Bexar County, Texas.

1.33    Plaintiff Anne Curtis Leahy as Trustee of The Anne Curtis Leahy Living Trust is an individual residing in Bexar County, Texas.

1.34    Plaintiff Robert F. Rule is an individual residing in Bexar County, Texas.

1.35    Plaintiff Robert F. Rule as Trustee for the Estate of Cherie Elizabeth Bigbee Rule is an individual residing in Bexar County, Texas.

1.36    Plaintiff Michael Kotzur is an individual residing in Bexar County, Texas.

1.37    Plaintiff James R. Gildart is an individual residing in Larimer County, Colorado.

1.38    Plaintiff James R. Gildart as Trustee of the Malcom R. Gildart Trust is an individual residing in Larimer County, Colorado.

1.39    Plaintiff James R. Gildart as Trustee of the Mavis Gildart Corporation Living Trust is an individual residing in Larimer County, Colorado.

1.40    Plaintiff Kostantinos Kastis is an individual residing in Bexar County, Texas.

1.41    Plaintiff Rena Kastis is an individual residing in Bexar County, Texas.

1.42    Plaintiff Alberto Rodriguez is an individual residing in Webb County, Texas.

1.43    Plaintiff Alberto Rodriguez as the Trustee of the Rodriguez Family and Associates is an individual residing in Webb County, Texas.

1.44    Plaintiff Raul Antonio Peril Lemus is an individual residing in Guatemala.

1.45    Plaintiff Barbara Benke is an individual residing in Medina County, Texas.

1.46    Plaintiff Wayne Benke is an individual residing in Medina County, Texas.

1.47    Plaintiff Sharon Brimhall is an individual residing in Bexar County, Texas.

1.48    Plaintiff Sharon Brimhall as the Executrix of the Estate of Harry Sims is an individual residing in Bexar County, Texas.

1.49    Plaintiff Robert Walsh as Trustee of The Charmaigne Benson Trust is an individual residing in Bexar County, Texas.

1.50    Plaintiff Brady Wise is an individual residing in Bexar County, Texas.

1.51    Plaintiff Vielka Jimenez De Reyes is an individual residing in the Dominican Republic.

1.52    Plaintiff Jess Pilgrim is an individual residing in Bexar County, Texas.

1.53   Plaintiff Pamela Pilgrim is an individual residing in Bexar County, Texas.

1.54   Plaintiff Jacqueline Rios is an individual residing in Bexar County, Texas.

1.55   Plaintiff Michael Kastis is an individual residing in Bexar County, Texas.

1.56   Plaintiff Paula Kastis is an individual residing in Bexar County, Texas.

1.57   Plaintiff Michael Kastis and Paula Kastis as Representatives of PM Kastis LLC are individuals residing in Bexar County, Texas.

1.58   Plaintiff Travis Benke is an individual residing in Bexar County, Texas.

1.59   Plaintiff Debra Benke is an individual residing in Bexar County, Texas.

1.60   Plaintiff Angelita Vossler is an individual residing in Harris County, Texas.

1.61   Plaintiff Lorena Isamar Made is an individual residing in New York County, New York.

1.62   Plaintiff Luz Marina Made is an individual residing in New York County, New York.

1.63   Plaintiff Lorena Isamar Made and Plaintiff Luz Marina Made as representatives of the Made Living (or Family) Trust are individuals residing in New York County, New York.

1.64   Plaintiff Ronald Rowan Pilgrim is an individual residing in Bexar County, Texas.

1.65   Plaintiff Jordie Pilgrim is an individual residing in Bexar County, Texas.

1.66   Plaintiff Scott Bishop is an individual residing in Bexar County, Texas.

1.67   Plaintiff Scott Bishop as representative of Pilgrim Mortgage is an individual residing in Bexar County, Texas.

1.68   Plaintiff George Pilgrim is an individual residing in Bexar County, Texas.

1.69    Plaintiff George Pilgrim as representative of Pilgrim Mortgage is an individual residing in Bexar County, Texas.

1.70    Plaintiff Mike Pilgrim is an individual residing in Bexar County, Texas.

1.71    Plaintiff Mike Pilgrim as representative of Pilgrim Mortgage is an individual residing in Bexar County, Texas.

1.72    Plaintiff Gilberto Jimenez Carrera is an individual residing in Oaxaca, Mexico.

1.73    Plaintiff Daniel Grendell is an individual residing in Bexar County, Texas.

1.74    Plaintiff Heather Kennedy is an individual residing in Burnet County, Texas.

1.75    Plaintiff Joseph Kennedy is an individual residing in Burnet County, Texas.

1.76    Plaintiffs Joseph Kennedy and Heather Kennedy as representatives of Joseph Fitzpatrick Kennedy, a minor, are individuals residing in Burnet County, Texas.

1.77    Plaintiff Richard Forsyth is an individual residing in Bexar County, Texas.

1.78    Plaintiff Jenny Forsyth is an individual residing in Bexar County, Texas.

1.79    Plaintiff Oscar J. Martinez is an individual residing in Bexar County, Texas.

1.80    Plaintiff Oscar J. Martinez as representative of the Estate of Oscar Martinez Garza is an individual residing in Bexar County, Texas.

1.81    Plaintiff Oscar J. Martinez as representative of The Lion Fund, Limited Partnership is an individual residing in Bexar County, Texas.

1.82    Plaintiff Lou Ann Dreamkowski is an individual residing in Bexar County, Texas.

1.83    Plaintiff Lou Ann Dreamkowski, as representative of the Estate of Eddie Dreamkowski, Deceased, is an individual residing in Bexar County, Texas.

1.84    Plaintiff Kenneth W. Paris is an individual residing in Lavaca County, Texas.

1.85    Plaintiff Charles Koch is an individual residing in Comal County, Texas.

1.86   Plaintiff Barbara Koch is an individual residing in Comal County, Texas.

1.87   Plaintiff Charles and Barbara Koch as representatives of the Koch Family Trust
       are individuals residing in Comal County, Texas.

1.88   Plaintiff Michael L. Reed is an individual residing in Tarrant County, Texas.

1.89   Plaintiff Mary Kay Holly is an individual residing in Comal County, Texas.

1.90   Plaintiff Connie Gonzales is an individual residing in Bexar County, Texas.

1.91   Plaintiff Melinda Estrada Kastner is an individual residing in Bexar County,
       Texas.

1.92   Plaintiff Melinda Estrada Kastner as Trustee of the Trust for A.A.F, M.X.F., and
       S.N.F., minor children, is an individual residing in Bexar County, Texas.

1.93   Plaintiff Robert Kintigh is an individual residing in Bexar County, Texas.

1.94   Plaintiff Evelyn Brown Kintigh is an individual residing in Bexar County, Texas.

1.95   Plaintiff Theo Cheatham Pilgrim is an individual residing in Atascosa County,
       Texas.

1.96   Plaintiff Barbara Mellott is an individual residing in Bexar County, Texas.

1.97   Plaintiff Luis Elizondo is an individual residing in Bexar County, Texas.

1.98   Plaintiff Maxine Elizondo is an individual residing in Bexar County, Texas.

1.99   Plaintiff Sarah Eardley is an individual residing in Bexar County, Texas.

1.100  Plaintiff Sarah Eardley as representative of the Estate of Christopher Eardley,
       Deceased, is an individual residing in Bexar County, Texas.

1.101  Plaintiff Valerie Padilla is an individual residing in Travis County, Texas.

1.102  Plaintiff Valerie Padilla as representative of the Estate of Salvador Cardenas is an
       individual residing in Travis County, Texas.

1.103    Plaintiff Danielle Aguilar is an individual residing in Bexar County, Texas.

1.104    Plaintiff Danielle Aguilar as representative of the Estate of Salvador Cardenas is
         an individual residing in Bexar County, Texas.

1.105    Plaintiff Richard Mylnar is an individual residing in Atascosa County, Texas.

1.106    Plaintiff Richard Mylnar, as representative of the Estate of Rhonda Mylnar,
         Deceased, is an individual residing in Atascosa County, Texas.

1.107    Plaintiff Galen D. Lee is an individual residing in Bexar County, Texas.

1.108    Plaintiff Brenda K. Nickles is an individual residing in Guadalupe County, Texas.

1.109    Plaintiff Theresa Reed is an individual residing in Bexar County, Texas.

1.110    Plaintiff Theresa Reed as representative of the Estate of Samuel L. Reed,
         Deceased, is an individual residing in Bexar County, Texas.

1.111    Plaintiff Scott Reed is an individual residing in Bexar County, Texas.

1.112    Plaintiff Scott Reed as representative of the Estate of Samuel L. Reed, Deceased,
         is an individual residing in Bexar County, Texas.

1.113    Plaintiff Kelly Perry is an individual residing in Bexar County, Texas.

1.114    Plaintiff Kelly Perry as representative of the Joyce McAllum Trust is an
         individual residing in Bexar County, Texas.

1.115    Plaintiff Jaquie Krown is an individual residing in Santa Clara County, California.

1.116    Plaintiff Jaquie Krown as representative of the Joyce McAllum Trust is an
         individual residing in Santa Clara County, California.

1.117    Plaintiff Karen Hengst May is an individual residing in Collin County, Texas.

1.118    Plaintiff Dianne P. Hengst is an individual residing in Bexar County, Texas.

1.119   Plaintiff Karen Hengst May and Dianne P. Hengst, as Co-Trustees for the Arlene Kreitz Hengst Trust, are individuals residing in Collin County, Texas and Bexar County, Texas, respectively.

1.120   Plaintiff Karen Hengst May and Dianne P. Hengst, as representatives of the Estate of Arlene Kreitz Hengst, are individuals residing in Collin County, Texas and Bexar County, Texas, respectively.

1.121   Plaintiff Lawrence W. Hengst is an individual residing in Bexar County, Texas.

1.122   Plaintiff Jamie Spears Montelongo is an individual residing in Bexar County, Texas.

1.123   Plaintiff Diedre E. Persyn is an individual residing in Bexar County, Texas.

1.124   Plaintiff David Rosenbusch is an individual residing in Medina County, Texas.

1.125   Plaintiff Deborah Rosenbusch is an individual residing in Medina County, Texas.

1.126   Plaintiffs David and Deborah Rosenbusch as representatives of Rosenbusch Farm and Ranch, Inc are individuals who reside in Medina County, Texas.

1.127   Plaintiff Linda Wehmeyer is an individual residing in Canadian County, Oklahoma.

1.128   Plaintiff Mary Jane Staudt is an individual residing in Bexar County, Texas.

1.129   Plaintiff Georgia Davies as Representative of the Robert L. Taylor Living Trust is an individual residing in Kendall County, Texas.

1.130   Plaintiff Leah Sibley is an individual residing in Dallas County, Texas.

1.131   Plaintiff Agnes Hartman is an individual residing in Karnes County, Texas.

1.132   Plaintiff Agnes Hartman as representative of Bossy R. LP is an individual residing in Karnes County, Texas.

1.133   Plaintiff Peter Rakowitz is an individual residing in Karnes County, Texas.

1.134   Plaintiff Peter Rakowitz as representative of Bossy R. LP is an individual residing in Karnes County, Texas.

1.135   Plaintiff Sharon Rakowitz is an individual residing in Karnes County, Texas.

1.136   Plaintiff Sharon Rakowitz as representative of Bossy R. LP is an individual residing in Karnes County, Texas.

1.137   Plaintiff Karen Varns is an individual residing in Kendall County, Texas.

1.138   Plaintiff Karen Varns as representative of Bossy R. LP is an individual residing in Kendall County, Texas.

1.139   Plaintiff Sandra Kay Dailey is an individual residing in El Paso County, Colorado.

1.140   Plaintiff Sandra Kay Dailey as representative of the Coker Dailey Trust is an individual residing in El Paso County, Colorado.

1.141   Plaintiff Kathryn Dailey is an individual residing in Broomfield, Colorado.

1.142   Plaintiff Kathryn Dailey as representative of the Coker Dailey Trust is an individual residing in Broomfield, Colorado.

1.143   Plaintiff Cheryl S. Dailey is an individual residing in El Paso County, Colorado.

1.144   Plaintiff Cheryl S. Dailey as representative of the Coker Dailey Trust is an individual residing in El Paso County, Colorado.

1.145   Plaintiff William C. Dailey Jr. is an individual residing in El Paso County, Colorado.

1.146   Plaintiff William C. Dailey Jr. as representative of the Coker Dailey Trust is an individual residing in El Paso County, Colorado.

1.147   Plaintiff William C. Dailey III is an individual residing in Inyo County, California.

1.148   Plaintiff William C. Dailey III as representative of the Coker Dailey Trust is an individual residing in Inyo County, California.

1.149   Plaintiff Christine E. Cornelius is an individual residing in Elbert County, Colorado.

1.150   Plaintiff Christine E. Cornelius as representative of the Coker Dailey Trust is an individual residing in Elbert County, Colorado.

1.151   Plaintiff Linda Wetz is an individual residing in Franklin County, Georgia.

1.152   Plaintiff Laurel Armstrong Suttle is an individual residing in Kerr County, Texas.

1.153   Plaintiff Laurel Armstrong Suttle as representative of the Estate of Larry Neal Armstrong, Deceased is an individual residing in Kerr County, Texas.

1.154   Plaintiff Ingrid Armstrong is an individual residing in Kerr County, Texas.

1.155   Plaintiff Ingrid Armstrong as representative of the Estate of Larry Neal Armstrong, Deceased is an individual residing in Kerr County, Texas.

1.156   Plaintiff Carrie Susan Armstrong is an individual residing in Kerr County, Texas.

1.157   Plaintiff Carrie Susan Armstrong as representative of the Estate of Larry Neal Armstrong, Deceased is an individual residing in Kerr County, Texas.

1.158   Plaintiff Martha Corona, as Independent Administrator for the Estate of Questa Corona Devage is an individual residing in Uvalde County, Texas.

1.159   Plaintiff Jason Forsyth is an individual residing in Bexar County, Texas.

1.160   Plaintiff Ashley Forsyth is an individual residing in Bexar County, Texas.

1.161   Plaintiff Lee Skinner is an individual residing in Salt Lake County, Utah.

1.162   Plaintiff Tiffany Skinner is an individual residing in Salt Lake County, Utah.

1.163   Plaintiff Thomas Dowling, as Executor for the Estate of Lorraine LeComte Dowling and Trustee of the Lorraine LeComte Living Trust is an individual residing in Bexar County, Texas.

1.164   Plaintiff Belinda Stanush is an individual residing in Bexar County, Texas.

1.165   Plaintiff Jeffery Halay is an individual residing in Denver County, Colorado.

1.166   Plaintiff David Landman is an individual residing in Comal County, Texas.

1.167   Plaintiff Helen Landman is an individual residing in Comal County, Texas.

1.168   Plaintiff Anastasia Stewart is an individual residing in Comal County, Texas.

1.169   Plaintiff Martha Samaniego is an individual residing in Kendall County, Texas.

1.170   Plaintiff J. Craig Horan is an individual residing in Comal County, Texas.

1.171   Plaintiff Gennifer Horan is an individual residing in Comal County, Texas.

1.172   Plaintiff Georgina Bellanger is an individual residing in Bexar County, Texas.

1.173   Plaintiff Michael Archer is an individual residing in Harris County, Texas.

1.174   Plaintiff Gary Archer is an individual residing in Riverside County, California.

1.175   Plaintiff Michael Halay is an individual residing in Chafee County, Colorado.

1.176   Plaintiff Kelsey Persyn is an individual residing in Teton County, Colorado.

1.177   Plaintiff Henry Persyn is an individual residing in Bexar County, Texas.

1.178   Plaintiff Frank Persyn is an individual residing in Bexar County, Texas.

1.179   Plaintiff Leslie Persyn is an individual residing in Bexar County, Texas.

1.180   Plaintiff Catherine Klepper as representative of Betty J. Nelson via Power of Attorney is an individual residing in McClennan County, Texas.

1.181   Plaintiff Robbie W. Henwood is an individual residing in Bexar County, Texas.

1.182    Plaintiff Travis Persyn is an individual residing in Williamson County, Texas.

1.183    Plaintiff Garrett Persyn is an individual residing in King County, Washington.

1.184    Plaintiff Ty Mylnar is an individual residing in Atascosa County, Texas.

1.185    Plaintiff John Phillip Santos, as executor of the Estate of Pamela Caadwal-Illot is an individual residing in Bexar County, Texas.

1.186    Plaintiff Eddie S. Molina is an individual residing in Bexar County, Texas.

1.187    Plaintiff Eddie S. Molina as co-trustee and beneficiary of the Eddie O. Molina Irrevocable Trust is an individual residing in Bexar County, Texas.

1.188    Plaintiff Irma Castiglione is an individual residing in Bexar County, Texas.

1.189    Plaintiff Irma Castiglione as co-trustee and beneficiary of the Eddie O. Molina Irrevocable Trust is an individual residing in Bexar County, Texas.

1.190    Plaintiff Robert Jaeckle is an individual residing in Bexar County, Texas.

1.191    Plaintiff Tara Jaeckle is an individual residing in Bexar County, Texas.

1.192    Plaintiff Stephen Eugene Luna is an individual residing in Bexar County, Texas.

1.193    Plaintiff Stephen Eugene Luna as representative of the Estate of Mary Luna Arratia, Deceased is an individual residing in Bexar County, Texas.

1.194    Plaintiff John Kubesh is an individual residing in Bexar County, Texas.

1.195    Plaintiff Laura Persyn Kubesh is an individual residing in Bexar County, Texas.

1.196    Plaintiff Megan Kubesh is an individual residing in Bexar County, Texas.

1.197    Plaintiff Matthew Kubesh is an individual residing in Bexar County, Texas.

1.198    Frank and Emma Persyn Limited Partnership is a Texas Limited Partnership.

1.199   Frank Persyn Farms Inc., is a Texas Corporation and is the General Partner of the Frank and Emma Persyn Family Limited Partnership, a Texas Limited Partnership.

1.200   Jennifer Griffin, as Representative of the Estate of Betty June Krahn, Deceased, is a resident of Medina County, Texas.

## B. DEFENDANTS

2. Defendant Wells Fargo Bank, N.A. is a corporate fiduciary formed and existing under the laws of California and doing businss is Texas. Defendant may be served with process by service upon its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Wells Fargo National Bank West is a foreign financial institution formed under the laws of the State of Delaware, with its principal place of business at 4455 Spring Mountain Road, Las Vegas, Nevada, 89102-8719. Defendant may be served with process by service upon its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant American Bank, N.A. d/b/a TexStar National Bank a/k/a TexStar Bank is a financial institution formed and existing under the laws of Texas, and may be served with process by service upon its registered agent, Townes Mahaffey, at 800 N. Shoreline Blvd., Suite 100 South, Corpus Christi, Texas 78401.

5. Defendant Texas Partners Bank d/d/a The Bank of San Antonio is a Texas corporation whose registered office is located in Bexar County at 1900 NW Loop 410, San Antonio, Texas, 78213, and may be served with process by serving its president, Brent R. Given, at that address.

6. Defendant Winter Park National Bank is a foreign corporation formed and existing under the laws of Florida, whose home office is located at 201 N. New York Ave., Winter Park, Florida 32789. Defendant may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from the Defendant's business in this state.

7. Defendant Frost Bank is a financial institution formed and existing under the laws of Texas and may be served with process by service upon its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218

## C. VENUE FACTS

8. Venue is proper in Bexar County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002 (a)(1), because all or a substantial part of the events or omissions giving rise to this claim occurred there.

## D. DISCOVERY CONTROL PLAN

9. Plaintiffs intend to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

## E. CLAIM FOR RELIEF

10. The 197 named Plaintiffs in this case represent approximately $200 million in losses, exclusive of interest. Pursuant to Rule 47 of the Texas Rules of Civil Procedure and its requirement that an original pleading specify the amount of relief sought, Plaintiffs hereby state that the amount of relief sought is over $200,000,000.

## F. FACTS

11. Plaintiffs are former clients of attorney Christopher Pettit and his law firm, Chris Pettit & Associates, P.C. On June 6, 2022, Pettit resigned from the State Bar of Texas in lieu of discipline. His law firm no longer exists.

12. An IOLTA account ("Interest on Lawyers' Trust Account") is an account in which an attorney places nominal or short-term funds belonging to the attorney's clients. The funds are placed in a single, pooled, interest-bearing trust account. Interest earned on the account is forwarded to the state's IOLTA program where it is used to fund charitable programs. **Funds placed in an IOLTA account belong *exclusively* to the clients on whose behalf the funds were placed in the account for safekeeping pending distribution to them, and *not* to the attorney who set up the account or the attorney's law firm.**

13. Beginning in January 2008, Pettit and his law firm maintained the following IOLTA accounts:

    a. Defendant Frost Bank: \*\*\*\*\*4777 from January 2008 to May 2021.

    b. Defendant Texas Partners Bank: \*\*\*\*\*5078 from January 2017 to July 2021. \*\*\*\*\*4964 from January 2017 to July 2021.

    c. Defendant American Bank, N.A.: \*\*\*\*\*1416 from October 2021 to March 2022.

    d. Defendant Wells Fargo Bank, N.A.: \*\*\*\*\*5032 from August 2017 to unknown date. \*\*\*\*\*9174 from September 2017 to August 2022. \*\*\*\*\*9720 from January 2017 to August 2022.

    e. Defendant Winter Park Nat. Bank: \*\*\*\*\*2217 from April 2021 to January 2022.

14. Pettit was the sole signatory on the accounts.

15. With the exception of one account, the IOLTA accounts were set up under the Texas IOLTA program. Account *****9174 at Defendant Wells Fargo Bank was set up under the New Mexico IOLTA program, even though Pettit was not licensed to practice law in the state. Since the accounts in question were IOLTA accounts, the Defendant Banks knew that any funds deposited in them were held in trust by the Pettit law firm until such time that they could be disbursed to the person to whom they belonged.

16. To establish an IOLTA account, each of the Defendant Banks had to be an eligible institution and agree to abide by certain requirements. Reasonable fees and service charges associated with the accounts could only be deducted from the interest and dividends earned on the accounts, but not from IOLTA principal. Non-sufficient funds (NSF) fees could only be charged to the attorney or law firm on whose behalf the account was set up, but not to the IOLTA principal or the IOLTA interest. Funds belonging to the attorney or law firm on whose behalf the account was set up were not permitted to be deposited in the account (with the exception of funds reasonably sufficient to pay for fees or obtain a waiver of fees or to keep the account open).

17. The Defendant Banks had certain reporting requirements. In Texas, banks were required to accompany each IOLTA remittance with a statement showing the name of the attorney or law firm with respect to which the remittance was sent, the rate of interest attributable to each IOLTA account, the amount and type of fees and service charges deducted, if any, and the average account balance for the account during the period for which the report was made, along with such other information as required by the Texas Access to Justice Foundation. Similar reports were required by the New Mexico program. Additionally, the New Mexico program required that trust account disbursements be made only by authorized bank transfer,

either by electronic transfer or by check payable to a named payee, but not to cash. The New Mexico program also required that the bank report to the New Mexico Office of Disciplinary Counsel whenever any properly payable instrument was presented against a trust account containing insufficient funds, regardless of whether the instrument was honored. The express purpose of this requirement was to provide early warning of improprieties in the handling of attorney trust funds, thereby protecting the clients on whose behalf the funds were held from further misappropriation.

18. On information and belief, the IOLTA account balances in the referenced accounts were frequently insufficient to cover the checks that were presented against them. Despite the prohibition against NSF and overdraft charges on the New Mexico and Texas IOLTA accounts, the Defendant Banks routinely imposed such charges.

19. On information and belief, the Defendant Banks allowed Pettit and his law firm to routinely transfer trust funds to the firm's operating account.

20. On information and belief, the Defendant Banks allowed Pettit to routinely transfer trust funds to Pettit's personal bank account.

21. On information and belief, the Defendant Banks allowed Pettit to routinely use trust funds to pay personal expenses, including credit card and PayPal expenses.

22. On information and belief, the Defendant Banks allowed Pettit to routinely make large cash deposits into and cash withdrawals from the trust accounts.

23. On information and belief, the Defendant Banks allowed Pettit and his law firm to use trust funds to routinely pay third-party creditors.

## G. KNOWING PARTICIPATION IN A BREACH OF FIDUCIARY DUTY

24. At all times relevant, Chris Pettit and his law firm, Chris Pettit and Associates, P.C., acted as attorneys and financial counselors for the Plaintiffs with respect to certain legal and financial matters, including estate planning, personal injury claims, Section 1031 exchanges, and investment decisions, among others, and thereby assumed a special and confidential relationship with them. In the context of this relationship, Plaintiffs reposed trust and confidence in Chris Pettit and his law firm.

25. The relationship between the parties is recognized as fiduciary in nature under Texas and New Mexico law. As a result, Chris Pettit and his law firm owed fiduciary duties to the Plaintiffs, including the duties of undivided loyalty, utmost good faith and fair dealing, scrupulous honesty in the management and handling of client funds, and the duty to make full disclosure to the Plaintiffs regarding matters affecting their property. Chris Pettit and his law firm also had a duty to refrain from using the fiduciary relationship to benefit their own interests, except with the full knowledge and consent of the Plaintiffs.

26. On information and belief, Chris Pettit and his law firm, Chris Pettit and Associates, P.C., with the knowing assistance of the Defendants, breached their fiduciary duty to the Plaintiffs in such ways as the following: (i) by paying personal and operating expenses from the IOLTA accounts, (ii) by paying Pettit's monthly home mortgage expenses from the IOLTA accounts, (iii) by depositing cash into and withdrawing cash from the IOLTA accounts, (iv) by using the IOLTA accounts to pay Pettit's credit card bills and other personal expenses, (v) by transferring funds from the IOLTA accounts to Pettit's personal banking account, (vi) by transferring funds from the IOLTA accounts to the operating account of Chris Pettit and Associates, and (vii) by withdrawing 1031 exchange proceeds from the IOLTA accounts for Pettit's personal use.

27. On information and belief, the Defendant Banks, with full knowledge of the existence of a fiduciary duty existing between Pettit and his law firm on the one hand and the Plaintiffs on the other, knowingly assisted and participated with Pettit and his law firm in breaching their fiduciary duties as described above. By virtue of the accounts' status as IOLTA accounts, Defendant Banks knew from the moment of the accounts' creation that the funds comprising the accounts were held in trust for the Plaintiffs, and yet allowed those accounts to be used by Pettit and his law firm as operating and personal accounts on a regular basis. Defendant Banks knew or should have known of Pettit's and his law firm's breach of fiduciary duty by virtue of the numerous red flags their conduct raised and yet did nothing to stop the conduct or at least investigate it in a timely manner. This allowed Pettit and his law firm to misappropriate trust funds in greater amounts than they would have done had the Defendant Banks acted timely.

28. On information and belief, Defendant Banks allowed overdraft and NSF charges to be levied against the accounts in violation of the Texas and New Mexico IOLTA requirements. This allowed Pettit and his law firm to write checks on the accounts in excess of the account balances, thereby turning the accounts into short-term sources of loans.

29. As a result of their nonfeasance, the Defendant Banks knowingly allowed the IOLTA accounts established with them to be operated in a manner that bore no reasonable resemblance to how such trust accounts are appropriately used.

## H. DAMAGES

30. **As a direct and proximate result of the Defendant Banks' conduct as described above, Plaintiffs seek actual damages caused to client funds deposited in the referenced IOLTA accounts that at no point in time were ever property of either Pettit or his law firm.**

31. The stress and emotional strain resulting from Defendants' financial conduct negatively impacted the health of the decedent, Carol Armstrong. Accordingly, Plaintiff James Armstrong, as the husband of Carol Armstrong, seeks damages under TEX. CIV. PRAC. & REM. CODE §71.001 *et seq.*, including damages resulting from pecuniary losses, mental anguish, loss of companionship and society, and loss of inheritance.

32. The stress and emotional strain resulting from Defendants' financial conduct negatively impacted the health of the decedent, Rhonda Mylnar. Accordingly, Plaintiff Rick Mylnar, as the husband of Rhonda Mylnar, seeks damages under TEX. CIV. PRAC. & REM. CODE §71.001 *et seq.*, including damages resulting from pecuniary losses, mental anguish, loss of companionship and society, and loss of inheritance.

33. The stress and emotional strain resulting from Defendants' financial conduct negatively impacted the health of the decedent, Eddie Dreamkowski. Accordingly, Plaintiff Lou Ann Dreamkowski, as the wife of Eddie Dreamkowski, seeks damages under TEX. CIV. PRAC. & REM. CODE §71.001 *et seq.*, including damages resulting from pecuniary losses, mental anguish, loss of companionship and society, and loss of inheritance.

34. The stress and emotional strain resulting from Defendants' financial conduct negatively impacted the health of the decedent, Sallie Mae Wacklawcyzk. Accordingly, Plaintiff Karen Seifert, as the daughter of Sallie Mae Wacklawcyzk, seeks damages under TEX. CIV. PRAC. & REM. CODE §71.001 *et seq.*, including damages resulting from pecuniary losses, mental anguish, loss of companionship and society, and loss of inheritance.

35. Furthermore, due to the fraudulent nature of the Defendants' conduct, Plaintiffs are entitled to exemplary damages under TEX. CIV. PRAC. & REM. CODE §41.003.

## I. JURY DEMAND

36. Plaintiffs respectfully request a trial by jury and tender the appropriate fee.

## J. REQUESTS FOR INITIAL DISCLOSURES

37. Plaintiffs request that Defendants make their initial disclosures within 30 days after filing the first answer or general appearance as required by Rule 194.2 of the Texas Rules of Civil Procedure.

## K. PRAYER

38. For the above reasons, Plaintiffs request that upon trial of this matter, they have judgment against Defendants for the following:

   a. Actual damages as found by the trier of fact for an amount within the Court's jurisdictional limits.

   b. Exemplary damages as found by the trier of fact.

   c. Costs of suit and reasonable attorney's fees.

   d. Prejudgment and post–judgment interest as allowed by law.

   e. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF DAVID MCQUADE LEIBOWITZ, P.C.**
517 Soledad Street
San Antonio, Texas 78205
T: (210) 225–8787
F: (210) 225–2567
E: david@leibowitzlaw.com

**DAVID MCQUADE LEIBOWITZ**
State Bar No. 12179800
**ATTORNEYS FOR PLAINTIFFS**

-    AND    -
-

Leif M. Clark
LEIF M CLARK CONSULTING PLLC
1105 Bonner
Houston, Texas 77007
(210) 663-5183
E: lmclark@leifmclark.com

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing document filed through the ECF system was (i)

sent electronically to the registered participants as identified on the Notice of Electronic Filing

(NEF) on May 31, 2024.

> Paul T. Curl
> CURL, STAHL, GEIS
> 700 N. St. Mary's St., Suite 1800
> San Antonio, Texas 78205
> T. 210.226.2182
> F. 210.226.1691
> E. ptcurl@csg-law.com

> Robert J. Stovash
> STOVASH, CASE, SHAY & PEARCE, PA
> 220 N. Rosalind Ave.
> Orlando, Florida 32801
> T. 407.316.0393
> F. 407.316.8969
> E. rstovash@scsplaw.com

> *Attorneys for Defendant Winter Park National Bank*

> Lynn Butler
> Lauren E. Hayes
> HUSCH BLACKWELL LLP
> 111 Congress Ave., Suite 1400
> Austin, Texas 78701
> E: lynn.butler@huschblackwell.com
> E. Lauren.hayes@huschblackwell.com

> *Attorneys for American Bank, NA*

> William P. Huttenbach
> CRAIN CATON & JAMES, PC
> Five Houston Center
> 1401 McKinney St., Suite 1700
> Houston, Texas 77010
> E. *phuttenback@craincaton.com*

Randall C. Owens
WRIGHT, CLOSE & BARGER, LLP
One Riverway, Suite 2200
Houston, Texas 77056
E. *owens@wrightclosebarger.com*

*Attorneys for Texas Partner Bank d/b/a Bank of San Antonio*

Thomas Farrell
MCGUIRE WOODS LLP
845 Texas Ave., Suite 2400
Houston, Texas 770022
E. *tfarrell@mcguirewoods.com*

Jarrod D. Shaw
Nellie E. Hestin
Alexander M. Madrid
MCGUIRE WOODS LLP
260 Forbes Avenue
Tower Two-Sixty
Suite 1800
Pittsburgh, PA 15222
E*: jshaw@mcguirewoods.com*
E. *nhestin@mcguirewoods.com*
E*: amadrid@mcguirewoods.com*

*Attorneys for Wells Fargo Bank & Wells Fargo Nat'l Bank West*

Michael W. O'Donnell
Steve Pierce
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
E*: mike.odonnell@nortonrosefulbright.com*
E. *steve.peirce@nortonrosefulbright.com*

Steve Dollar
Ryan Meltzer
98 San Jacinto Blvd, Suite 1100
Austin, Texas 78701
E. *steve.dollar@nortonrosefulbright.com*
E*: ryan.meltzer@nortonrosefulbright.com*

*Attorneys for Frost Bank*

/s/ David McQuade Leibowitz
David McQuade Leibowitz