IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **CHRIS PETTIT & ASSOCIATES, P.C.** | § | **LEAD CASE. NO 22-50591** |
| **CHRISTOPHER JOHN PETTIT** | § | **SECOND CASE NO. 22-50592** |
| | § | |
| | § | |
| | § | |
| | § | **CHAPTER 11** |
| Jointly Administered Debtors | § | (Jointly Administered) |

| | | |
|---|---|---|
| **JAMES C. ARMSTRONG**, *et al.,* | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **WELLS FARGO BANK, N.A., WELLS** | § | **CIVIL ACTION NO. 5:24-CV-00177-FB** |
| **FARGO BANK WEST, AMERICAN** | § | **(Adversary No. 23-05088-CAG)** |
| **BANK, N.A., D/B/A TEXSTAR** | § | |
| **NATIONAL BANK A/K/A TEXSTAR** | § | |
| **BANK, TEXAS PARTNERS BANK** | § | |
| **D/B/A THE BANK OF SAN** | § | |
| **ANTONIO, WINTER PARK NATIONAL** | § | |
| **BANK, AND FROST BANK,** | § | |
| **Defendants.** | § | |

**PLAINTIFFS ARMSTRONG'S ADVISORY IN RESPONSE TO THE DEFENDANT BANKS'
ADVISORY AND UNOPPOSED MOTION FOR LEAVE TO PARTIALLY LIFT STAY**

TO THE HONORABLE COURT:

Plaintiffs Armstrong, *et al.* respond as follows to the Defendant Banks' Advisory and
Unopposed Motion for Leave to Partially Lift Stay:

1. Plaintiffs Armstrong, though unopposed to the Banks' advisory, are hard pressed to see
what they hope to gain by it. The Banks have attached to the advisory a memorandum order
recently issued by Judge Gargotta granting Texas Partners Bank's motion to dismiss pursuant to
Rules 12(b)(1) and 12(b)(6). The motion was directed toward the cause of action filed by the

Trustee, acting on behalf of Chris Pettit & Associates ("CP&A"), in which the Trustee alleged, *inter alia*, that Texas Partners Bank knowingly participated in the breach of a fiduciary duty. The fiduciary duty in question was allegedly owed by Pettit, as both president of CP&A and founder of the law firm, to CP&A – a difficult distinction to maintain. The breach occurred in connection with at least 11 accounts that Pettit opened at Texas Partners Bank, including personal checking accounts, two IOLTA accounts, an estate management account, and two accounts pertaining to Pettit's rental properties. *(Adv. No. 24-05031, ECF 99, p.3)*. The Trustee was faced with the (almost) insurmountable task of showing that Pettit's conduct in relation to personal, business, and law firm accounts – accounts to which Pettit had every right to access – constituted a breach of his fiduciary duty to his own firm and that, despite Pettit's right to access those accounts, the Bank had actual knowledge of that breach and knowingly participated in it. The Banks suggest that the Court might find the order persuasive – presumably in their favor – in evaluating their own motions to dismiss pending before the Court.

2. The Banks quote from only a single paragraph appearing in the Judge's 35-page order. *(ECF 63, p.2)*. In that paragraph, Judge Gargotta described Pettit's conduct in relation to the accounts as "repeat unscrupulous activity" and concluded that knowledge of such activity on the part of the Bank did not satisfy the actual knowledge component of the Trustee's knowing participation claim under Rule 9(b) pleading standards (i.e., that the Bank had actual knowledge of its own participation in Pettit's breach of his fiduciary duty to his own law firm). *(Id.)*. Activities highlighted by the Trustee of which Texas Partners Bank allegedly had actual knowledge included Pettit's "misuse" of Bank accounts to operate a scam on CP&A, "reportable events or work arounds", "approved overdrafts," "out of compliance accounts," and "defects". *(Adv. No. 24-05031, ECF 99, p. 32)*. Knowledge of these activities, according to the Judge, did not show that

2

the Bank actually knew that something was necessarily amiss. *(Id. at 34)*. In fact, it's not clear from the order whether the Judge even considered these activities as constituting "red flags," but if they did, knowledge of such activities, at best, merely constituted constructive knowledge ("should have known") of Pettit's breach of fiduciary duty, and that was not enough under Rule 9(b). *(Id. at 34)*.

3. Next, the Banks quote one sentence from the Armstrong Plaintiffs' response to Frost Bank's 12(b)(6) motion to dismiss and then misconstrue that sentence to support their argument.[1] *(ECF 63, p. 3)*. According to the Banks, the quoted sentence embodies the very argument that Judge Gargotta refuted: that red flags are enough to show actual knowledge for purposes of a knowing participation claim. *(Id.)*. Contrary to the Banks' argument, if one were to read the sentence in the context in which it appears, it says just the opposite. Activity that might be no more than a red flag when viewed in the context of personal, business, and law firm accounts that one has signature authority over is viewed differently when it occurs in relation to IOLTA accounts. IOLTA accounts – unlike personal, business, or law firm accounts – are trust accounts, a fact that the Banks knew from the outset, subject to the rules and regulations of the Texas Access to Justice Foundation and the Texas State Bar.[2] The Banks did not have to be repositories for IOLTA funds but chose that role and, in doing so, voluntarily agreed to submit themselves to the rules and regulations that came with the administration of such accounts. In their response to Texas Partners

---

[1] "Repeated overdraws and recurring NSF charges were not just 'red flags' providing constructive knowledge to Frost of possible wrongdoing on Pettit's part; they were specific instances of wrongdoing on Pettit's part of which Frost was aware." *(ECF 63, p. 3)*. An almost identical statement appears in Plaintiffs' response to Texas Partners Bank's motion to dismiss. *(ECF 52, ¶ 45)*. It's unclear why the Banks decided to excerpt a statement appearing in the Frost response when the order in question deals with Texas Partners Bank's motion to dismiss.

[2] In their complaint, the Armstrong Plaintiffs alleged that the Banks knew from the moment of the IOLTA accounts' creation that the funds in the account were held in trust for the Plaintiffs. *(ECF 25, ¶¶ 15, 27)*. In its motion to dismiss, Texas Partners Bank referred to this allegation as both "presumptuous" and "untrue." *(ECF 49, ¶ 31)*. The Texas State Bar says otherwise: "An IOLTA account is simply a type of trust account. *All* IOLTA accounts are trust accounts, but not all trust accounts are IOLTA accounts." State Bar of Texas, *A Lawyer's Guide to Client Trust Accounts*, p. 6 (Updated January 2024) (emphasis added).

Bank's motion to dismiss, Plaintiffs discussed Pettit's commingling of attorney/client funds and how commingling of attorney/client funds not only violated state bar rules but also constituted a breach of the attorney's fiduciary duty to those clients whose funds were deposited in the account where the commingling occurred. *(ECF 52, ¶ 44)*. As a result, knowledge of commingling, which the Banks had, constituted knowledge of the breach, not simply a red flag. Similarly, repeated NSF checks on an IOLTA account, unlike with personal, business, or law firm accounts, constitute evidence of fiduciary misappropriation, knowledge of which would constitute knowledge of the misappropriation. *(ECF 52, ¶ 45)*. The Banks were aware of NSF charges because they were supposed to deduct those charges from separate attorney or law firm accounts under IOLTA rules and not from the IOLTA account where the charge occurred. *(Id.)*. Finally, the Armstrong Plaintiffs discussed how Texas Partners Bank further participated in the breach of fiduciary duty by offering Pettit the opportunity to sweep funds from one IOLTA account to the other, yet another instance of commingling, to prevent overdrafts. *(ECF 52, ¶¶ 46-47)*. Texas Partners Bank never addressed any of these arguments in its reply. *(ECF 55, p. 18-19)*.

4. It should be noted that Judge Gargotta rendered his ruling in the quoted paragraph under Rule 9(b) of the Federal Rules of Civil Procedure. *(Adv. No.24-0503, ECF 99, p.34)*. Plaintiffs contend that their cause of action does not implicate fraud, apart from their exemplary damages claim, and therefore is not subject to the heightened pleading requirements of the Rule. *(ECF 52, p. 27-28)*.

5. Finally, if the Banks want to bring Judge Gargotta's order to the Court's attention, they should mention all of it and not just the part that might favor them. Relevant to Texas Partners Banks' motion to dismiss in this case are the following rulings by Judge Gargotta:

a. The Judge held that the Bank's argument premised on Tex. Bus. & Com. Code §4.406 failed. *(Adv. No. 25-05031, ECF 99, p. 11-14).* The Bank made the same argument against the Armstrong Plaintiffs. *(ECF 49, ¶ 15, ft. nt. 3).*

b. The Judge held that the Bank cannot contract around its own alleged fraud under Tex. Bus. & Com Code §4.103(a). *(Adv. No. 25-05031, ECF 99, p. 16).* The Bank made the same argument against the Armstrong Plaintiffs. *(ECF 49, ¶ 15, ft. nt. 3).*

c. The Judge held that the Bank's compliance with its account agreement with Pettit did not absolve it of potential liability for its own misconduct. *(Adv. No. 25-05031, ECF 99, p. 18-19).* The Bank made the same argument against the Armstrong Plaintiffs. *(ECF 49, ¶¶ 12-15).*

d. The Judge held that the economic loss rule does not apply to a claim for knowing participation in the breach of a fiduciary duty. *(Adv. No. 25-05031, ECF 99, 19-23).* The Bank made the same argument against the Armstrong Plaintiffs. *(ECF 49, ¶¶ 16- 19).*

6. For the above reasons, Plaintiffs Armstrong, *et al.* request that the Court take notice of this advisory in response to the Defendant Banks' advisory and unopposed motion for leave to partially lift stay. Plaintiffs request such further general relief to which they may be justly entitled.

Dated: July 11, 2025

Respectfully submitted,

LAW OFFICES OF DAVID MCQUADE LEIBOWITZ, P.C.
517 Soledad Street
San Antonio, Texas  78205
T: (210) 225–8787
F: (210) 225–2567
E: david@leibowitzlaw.com

---

DAVID MCQUADE LEIBOWITZ
State Bar No. 12179800

ATTORNEYS FOR PLAINTIFFS

-    AND    -

Leif M. Clark
LEIF M CLARK CONSULTING PLLC
1105 Bonner
Houston, Texas 77007
(210) 663-5183
E: lmclark@leifmclark.com

**CERTIFICATE OF SERVICE**

I hereby certify the above and foregoing document filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 11, 2025.

*/s/ David McQuade Leibowitz*
David McQuade Leibowitz
